UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARK S. KOLTA

      Plaintiff,         COMPLAINT

   -against-           18-cv-

DAVID L. ROSENTHAL
      Defendant.
-------------------------------------------------------------X

  Plaintiff, Mark S. Kolta, ("Plaintiff" or "Kolta"), by his undersigned attorney, Gerald V. Dandeneau, P.C., as and for his Complaint against the Defendant, David L. Rosenthal, ("Defendant" or "Rosenthal"), and respectfully alleges as follows:

## THE PARTIES

1. Plaintiff is a natural citizen and resides at 330 East 38th Street, New York, New York, 10016.

2. That upon information and belief, at all relevant times herein, the Defendant was and still is a resident of the State of New Jersey, n=maintaining an office for the practice of law at 10 Wildwood Way, Freehold, New Jersey, 07728.

.

3. That at all relevant times herein, the Plaintiff was a licensed investment advisor, maintaining his principal place of business at 211 East 43rd Street, New York, New York 10017.

4. That upon information and belief, at all relevant times herein, the

Defendant was an attorney at law, duly admitted to the practice of law in and before the Courts of the State of New Jersey, and eligible for the practice of law in and before various governmental regulatory authorities, including, but not necessarily limited to practice before the Financial Industry Regulatory Authority ("FINRA").

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a)(2) in that it is an action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in this judicial district pursuant to 27 U.S.C. Section 139(a), in that it is a district where the Plaintiff resides and a substantial part of the events or omissions giving rise to the claims occurred.

## FACTS COMMON TO THE PLAINTIFF'S CLAIMAND THE CLAIM

7.      That heretofore and in and around June, 2015, mandatory arbitration proceeding were commenced against the Plaintiff in accordance with the dispute resolution proceedings of FINRA, in the matter entitled "Keith Edward Condemi v. Mark S. Kolta", FINRA Dispute Resolution case number 15-01964 ("the Arbitration").

8.      Upon the commencement of the subject Arbitration, the Plaintiff did retain the services of the Defendant for good and valid consideration for the express purpose of representing the Plaintiff in the Arbitration.

9.      That the purpose of the retention by the Plaintiff of the Defendant was to defend the allegations made against the Plaintiff in the Arbitration, as well as

presenting the Plaintiff's own claims for damages and financial recovery against the Arbitration Claimant, Condemi.

10.    That prior to retaining the Defendant by the Plaintiff, the Plaintiff did interview and consult with the Defendant, and specifically inquired of the Defendant if he was knowledgeable and legally competent in representing clients in FINRA matters, particularly matters in the nature as those presented in the Arbitration.

11.    That the Defendant did represent and hold himself out to the Plaintiff that he was acquainted with the nature of FINRA proceedings; that he had legally represented clients in the past before FINRA in arbitration matters; and that he was competent and proficient in representing the Plaintiff in the Arbitration.

12.    That the Plaintiff, in reliance upon the Defendant's representations of his legal competency in FINRA legal matters, did retain the Defendant to represent the Plaintiff in the Arbitration and file a claim on the Plaintiff's behalf against Condemi.

13.    That the Defendant did fail to properly represent the Plaintiff in the Arbitration, by failing, *inter alia*, to appear on the Plaintiff's behalf at scheduled Arbitration appearances; failed to adequately advise and communicate with the Plaintiff on the status of the Arbitration; and failed to submit required memorandum and/or documents required by the Arbitration.

14.    That as a result of the failures or the Defendant as set forth above, the Plaintiff incurred a default judgment being entered against him as well as incurring the dismissal of the Plaintiff's claims against Condemi.

15. That but for the Defendant's negligence and malpractice as above described in representing the Plaintiff in the Arbitration, the Plaintiff would have been successful in receiving a monetary award and judgment which the Plaintiff verily believes to be in excess of $200,000.

16. A trial by jury is demanded.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff hereby demands judgment from the Defendant in the amount of $200,000, or such other amount as may be awarded to the Plaintiff against the Defendant, all of the foregoing together with the costs of this matter and interest.

Dated: Melville, New York
May 21, 2018

RESPECTFULLY SUBMITTED,

GERALD V. DANDENEAU, P.C
Attorney for the Plaintiff

By:_____
Gerald V. Dandeneau
425 Broad Hollow Road
Suite 210
Melville, New York, 11747
(631)454-0606 – telephone
(631)454-9250
*GVDand@Danlottlaw.com.*